■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT G. SHAPIRO, Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered June 7, 1982, upon a verdict convicting defendant of the crime of resisting arrest. As a result of an incident which occurred early in the morning of November 1, 1981 on the campus of the State University of New York at Oneonta, New York, defendant was arrested for disorderly conduct by one of the university's public safety officers. He was subsequently indicted on one count of assault in the second degree for allegedly striking the peace officer who was attempting to make the arrest and on one count of resisting arrest for allegedly attempting to prevent the peace officer from effectuating the arrest. Following a jury trial, he was acquitted on the assault charge and convicted of resisting arrest. Defendant was subsequently sentenced to a term of incarceration of 30 days in the Otsego County Correctional Facility and placed on probation for a period of 35 months. The instant appeal followed. We hold that the challenged judgment should be affirmed and, in so ruling, find without merit defendant's contention that the conviction for resisting arrest must be reversed because the public safety officers had no probable cause to arrest him for disorderly conduct. There is ample evidence in the record indicating that defendant engaged in raucous and disruptive behavior towards the officers, using obscene language and obstructing the officers' vehicle as it traveled on a campus road and pounding the vehicle with

his fist. Given these circumstances, the officers were plainly justified in concluding that defendant was intentionally or recklessly creating a substantial risk that public inconvenience, annoyance or alarm would occur and, consequently, there was probable cause for defendant's arrest (cf. *People v Todaro,* 26 NY2d 325). Defendant's remaining argument that there was a reasonable doubt as a matter of law with regard to his guilt of the crime of resisting arrest is similarly lacking in substance. The question of whether defendant was so intoxicated as to be unable to form the requisite intent to be guilty of resisting arrest presented issues of fact and credibility for the jury to resolve. Based upon the record in this case and particularly the evidence of defendant's ability to roller skate during the incident, we find that the jury's resolution of these issues had sufficient evidentiary support and should not be disturbed. Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.