■ In the Matter of CHARLES M., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Sparrow, J.), dated July 11, 1987, which, upon a fact-finding order of the same court, dated May 13, 1987, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of resisting arrest in violation of Penal Law § 205.30, placed him on probation for a period of one year.

Ordered that the order is affirmed, without costs or disbursements.

Police Officer Larry Nostramo testified that the appellant held the doors to a subway train car open, causing the train to remain stopped in the station for what appeared to be a few minutes. The issue we are confronted with is whether the police had probable cause to believe that the appellant was committing the offense of disorderly conduct under Penal Law § 240.20 (5). We conclude that this record amply supports the arresting officer's reasonable belief that the appellant obstructed pedestrian traffic "with the intent to cause public inconvenience, annoyance or alarm", or at the very least, that his conduct recklessly created the risk thereof *(see,* Penal Law § 240.20 [5]).

The appellant also claims that the resisting arrest charge is invalid. Penal Law § 205.30 defines resisting arrest as intentionally preventing or attempting to prevent a police officer "from effecting an authorized arrest". Where the police do not have probable cause to arrest, the arrest is not authorized *(see, People v Peacock,* 68 NY2d 675). If the arrest is not authorized, the predicate for the resisting arrest charge falls, rendering the resisting arrest charge invalid. At bar, since the police had probable cause to arrest the appellant for committing the offense of disorderly conduct, the resisting arrest charge was valid.

The appellant claims, however, that since the police at-

tempted to arrest him for disorderly conduct, a violation, his arrest was vitiated, therefore rendering the resisting arrest charge invalid. While Family Court Act § 305.2 (2) provides that a police officer "may take a child under the age of sixteen into custody without a warrant in case and in which he may arrest a person for a crime [felony or misdemeanor] under article [140 of the CPL]", we conclude that the fact that the defendant was in fact under age 16 did not vitiate the arrest, since the police had reason to believe that the appellant was 16 years of age or older by virtue of his physical appearance (see, Matter of Christopher B., 122 Misc 2d 377). Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.