■ In the Matter of WILLIAM T., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Nassau County (Medowar, J.), entered November 30, 1989, which, upon a fact-finding order of the same court, dated June 27, 1989, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of two years. The appeal brings up for review the fact-finding order dated June 27, 1989.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the petitioner *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. The complainant's hearing testimony was generally logical and consistent and sufficed to establish the appellant's commission of acts which constituted the elements of the crime of sexual abuse in the second degree *(see,* Penal Law § 130.60 [2]). With respect to the appellant's challenge to the credibility of the complainant's testimony, we note that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). "Since this case was tried before a court without a jury, the greatest respect must be accorded the determination of the hearing court in assessing the credibility of [the witnesses] and resolving disputed questions of fact *(see, Matter of Jamal V.,* 159 AD2d 507; *Matter of Angel R.,* 134 AD2d 265, 266). The decision of the Family Court is accorded the same weight as that given to a jury verdict *(see, People v Carter,* 63 NY2d 530; *Matter of Michael D.,* 109 AD2d 633, *affd* 66 NY2d 843)" *(Matter of Bernard J.,* 171 AD2d 794).

We discern no basis in the record to disturb the Family

Court's determination that the complainant's testimony was credible. Moreover, upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the credible evidence *(see,* CPL 470.15 [5]).

With respect to the appellant's contention that the trial court erred in permitting the use of leading and suggestive questions during the direct examination of the complainant, to the extent that that issue has been preserved for appellate review, we find it to be similarly unavailing. The complainant was a 13-year-old child who was the victim of a sex offense and who at times appeared reluctant to testify regarding the details of the incident. Thus, the court acted within its sound discretion in allowing the limited leading of the witness *(see, People v Tyrrell,* 101 AD2d 946). The appellant's related claim that the hearing court also engaged in improper questioning is without merit, as the record demonstrates that on those few occasions when the court made inquiry, "the court acted within acceptable limits in an effort to clarify confusing testimony as well as * * * to facilitate the orderly and expeditious progress of the [hearing]" *(People v Collins,* 171 AD2d 670, 671; *see, People v Yut Wai Tom,* 53 NY2d 44; *People v Jamison,* 47 NY2d 882).

We have considered the appellant's remaining contention and find it to be without merit. Sullivan, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.