■ In the Matter of LEONARD D., a Person Alleged to be a

Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Schechter, J.), dated July 6, 1990, which, upon a fact-finding order of the same court, dated March 26, 1990, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of resisting arrest, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title II, for a period of 12 months. The appeal brings up for review the fact-finding order dated March 26, 1990.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (see, People v Contes, 60 NY2d 620; Matter of William T., 182 AD2d 766), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. The appellant's contention that the arresting officer fabricated his testimony and that the appellant's witnesses were more credible is without merit. It is well established that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). The determination of the trier of fact should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, Matter of William T., supra; Matter of Judah J., 182 AD2d 821). Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the appellant's contention, the circumstances of this case indicate that the arresting officer was " 'justified in concluding that [the appellant] was intentionally or recklessly creating a substantial risk that public inconvenience, annoyance or alarm would occur' " (People v Delhall, 131 AD2d 870; People v Shapiro, 96 AD2d 626, 627; see also, People v Munafo, 50 NY2d 326, 331). Since the arresting officer had probable cause to arrest the appellant for disorderly conduct (see, Penal Law § 240.20 [6]; People v Todaro, 26 NY2d 325; People v Galpern, 259 NY 279; People v Brown, 116 AD2d 727, 729), the subsequent charge of resisting arrest was valid (see, Matter of Charles M., 143 AD2d 96). Mangano, P. J., Balletta, Lawrence and Copertino, JJ., concur.