■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY R. CLARK, Appellant. [660 NYS2d 200] —Casey, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered December 12, 1995, convicting defendant following a nonjury trial of the crimes of burglary in the third degree, criminal possession of stolen property in the fifth degree (two counts), criminal mischief in the fourth degree (two counts) and resisting arrest.

Defendant's conviction of one felony (Penal Law § 140.20) and five misdemeanors (Penal Law §§ 205.30, 165.40, 145.00 [1]) following a nonjury trial stemmed from an incident wherein he broke into Kingston High School in Ulster County and was apprehended, after a struggle, in possession of personal property belonging to certain school employees. Upon being sentenced as a second felony offender to concurrent prison terms of 33 to 66 months for the felony conviction and one year each for the misdemeanor convictions, defendant appeals.

Viewing the evidence in a light most favorable to the People (*see, People v Contes*, 60 NY2d 620), we find, contrary to defendant's contention, that his convictions of resisting arrest and criminal possession of stolen property in the fifth degree under count 2 of the indictment were supported by legally sufficient evidence.

The undisputed proof at trial demonstrated that when the police officers found defendant crawling among the desks in the school's chemistry lab, he disregarded their repeated orders to identify and surrender himself, he attempted to run from the room when the officers approached, and once captured he physically struggled to avoid being handcuffed. His verbal and physical refusal to submit to the authority of the arresting officers provided a legally sufficient basis from which County Court could infer that defendant knew that he was being arrested and that he possessed the requisite intent for resisting such arrest (*see, People v Stevenson*, 31 NY2d 108, 113; *People v Gray*, 189 AD2d 922, 923, *lv denied* 81 NY2d 886), thus satisfying the elements of Penal Law § 205.30. Defendant's contention that his psychotic or intoxicated state prevented

him from forming the requisite intent to resist arrest must be rejected. Conspicuously absent from the record is any evidence, medical or otherwise, indicating that he suffered from a psychotic episode and, significantly, hospital test results conclusively refuted defendant's contention that he was intoxicated. Finally, whether defendant was so intoxicated as to render him unable to form the requisite intent presented questions of fact and credibility for the trier of fact to resolve (see, *People v O'Keefe*, 191 AD2d 464, 465, *lv denied* 81 NY2d 1077; *People v Danaher*, 115 AD2d 905, 906).

Defendant's argument with respect to his conviction under count 2 of the indictment, criminal possession of stolen property in the fifth degree, is equally unavailing. To establish defendant's guilt of this crime, the People were required to prove that defendant knowingly possessed stolen property, in this case a key. At the time of defendant's arrest, he was found in possession of, among other things, a key which was wrapped in wire and another key attached to a tag bearing the name "J. White". Both of these keys were identified as belonging, respectively, to Assistant Principal Anna Brett and her secretary, Joan White. Both Brett and White testified that their keys were stolen during the break-in and that they did not give defendant permission to enter their offices or to take their keys. This testimony, together with the condition in which the assistant principal's office was found, indicated that defendant broke into their offices and obtained the keys. As such, there is legally sufficient evidence to support defendant's conviction under count 2 of the indictment. Furthermore, the People's failure to identify which key was the subject of the indictment did not, contrary to defendant's contention, invalidate the conviction.

Finally, upon the exercise of our factual review power, we are satisfied that the verdict as to these two counts was not against the weight of the evidence (see, CPL 470.15; *People v Bleakley*, 69 NY2d 490, 495).

White, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.