■ In the Matter of Kara M., a Person Alleged to be a Juvenile Delinquent, Appellant. [662 NYS2d 541] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court,

Westchester County (Shapiro, J.), entered August 26, 1996, which, upon a fact-finding order of the same court, entered May 10, 1996, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of resisting arrest, adjudged her to be a juvenile delinquent and imposed a six-month conditional discharge. The appeal brings up for review the fact-finding order entered May 10, 1996.

Ordered that the order of disposition is affirmed, without costs or disbursements.

"Penal Law § 205.30 defines resisting arrest as intentionally preventing or attempting to prevent a police officer 'from effecting an authorized arrest' " (*People v Peacock,* 68 NY2d 675, 676). Thus, "the crime of resisting arrest does not occur if the arrest is illegal or unlawful" (*People v Stevenson,* 31 NY2d 108, 111; *see also, People v Peacock, supra,* at 677; *Matter of Charles M.,* 143 AD2d 96). Contrary to the appellant's contention, the charge of resisting arrest should not have been dismissed on the basis that the arrest was not authorized. Rather, the evidence adduced at the hearing demonstrated that probable cause for the arrest existed. The facts and circumstances known to the arresting officer would warrant a reasonable person, who possessed the same expertise as the officer, to conclude that a crime was being or had been committed (*see, People v Rivera,* 166 AD2d 678; CPL 140.10 [1]; 70.10 [2]; Penal Law § 240.26 [3]; §§ 240.20, 195.05; *see also, Matter of Leonard D.,* 185 AD2d 315; *Matter of Charles M., supra*).

Furthermore, viewing the evidence in the light most favorable to the presentment agency (*see, Matter of Leonard D., supra; Matter of William T.,* 182 AD2d 766), we find that it was legally sufficient to establish beyond a reasonable doubt the appellant's guilt of resisting arrest (*see, People v Caidor,* 187 AD2d 441). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]; *Matter of William T., supra; Matter of Judah J.,* 182 AD2d 621).

The court did not improvidently exercise its discretion in imposing a six-month conditional discharge since the record supports the court's determination by a preponderance of the evidence that such disposition was the "least restrictive alternative available" to satisfy "the needs and best interests of the appellant as well as the need for protection of the community" (Family Ct Act § 353.1 [1], [2]; § 352.2 [1] [a]). Miller, J. P., Ritter, Santucci and Florio, JJ., concur.