■ In the Matter of Shubin B., a Person Alleged to be a Juvenile Delinquent, Appellant. [772 NYS2d 827]—

Order of disposition, Family Court, New York County (Mary Bednar, J.), entered on or about June 24, 2003, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of inciting to riot, obstructing governmental administration in the second degree and resisting arrest, and placed him in the custody of the New York State Office of Children and Family Services for 12 months, unanimously affirmed, without costs.

Viewing the record in the light most favorable to the present-ment agency, we find that given the volatility of the crowd growing around officers attempting to effectuate a drug arrest, a direct result of the appellant's words and conduct, the court properly concluded that appellant created a danger of imminent lawless action as proscribed by Penal Law § 240.08 (*see People v Tolia*, 214 AD2d 57, 65 [1995], *lv denied* 88 NY2d 1025 [1996]). Appellant's inappropriate, disruptive conduct also obstructed the officers in effectuating the authorized arrests of unrelated individuals for drug related offenses (Penal Law § 195.05; *People v Tarver*, 188 AD2d 938 [1992], *lv denied* 81 NY2d 893 [1993]). In addition, the record supports the Family Court's conclusion that appellant resisted arrest, by physically struggling to avoid being handcuffed (Penal Law § 205.30; *People v Clark*, 241 AD2d 710 [1997], *lv denied* 90 NY2d 1010 [1997]). Concur—Nardelli, J.P., Mazzarelli, Ellerin and Friedman, JJ.