■ In the Matter of CARLTON F., a Person Alleged to be a Juvenile Delinquent, Appellant. [807 NYS2d 645]—

In two juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Queens County (Weinstein, J.), dated January 26, 2004 (docket No. D-25806/03), which, after a fact-finding hearing, found that the appellant committed an act which, if committed by an adult, would have constituted the crime of resisting arrest, (2) an order of disposition of the same court dated January 27, 2004 (docket Nos. D-25806/03 and D-22763/03), which, upon the fact-finding order dated January 26, 2004, and a second fact-finding order of the same court dated December 4, 2003 (docket No. D-22763/03), after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fifth degree and petit larceny, adjudged him to be a juvenile delinquent and placed him on

probation for a period of 12 months, and (3) an amended order of disposition of the same court dated June 17, 2005. The appeal from the amended order of disposition dated June 17, 2005, brings up for review the fact-finding order dated December 4, 2003.

Ordered that the appeals from the fact-finding order dated January 26, 2004, and the order of disposition dated January 27, 2004, are dismissed, without costs or disbursements, as those orders were superseded by the amended order of disposition dated June 17, 2005; and it is further,

Ordered that the appeal from so much of the amended order of disposition dated June 17, 2005, as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as that period of probation commenced with the entry of the order of disposition dated January 27, 2004, and has since expired (*see Matter of Alphonso W.*, 8 AD3d 492, 493 [2004]); and it is further,

Ordered that the amended order of disposition dated June 17, 2005, is affirmed insofar as reviewed, without costs or disbursements.

The orders appealed from arose from two separate incidents. On March 19, 2003 the appellant was arrested for disorderly conduct; the charge was subsequently changed to resisting arrest. On August 5, 2003 the appellant was arrested again, this time for shoplifting.

With respect to the first incident, viewing the evidence in the light most favorable to the presentment agency (*see Matter of Takeya B.*, 304 AD2d 825, 826 [2003]; *Matter of Stafford B.*, 187 AD2d 649, 650 [1992]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, had they been committed by an adult, would have constituted resisting arrest (*see Matter of Shubin B.*, 5 AD3d 217, 218 [2004]; *Matter of Leonard D.*, 185 AD2d 315, 316 [1992]; *Matter of Charles M.*, 143 AD2d 96, 97 [1988]).

Penal Law § 205.30 defines resisting arrest as intentionally preventing or attempting to prevent a police officer from effecting an authorized arrest (*see People v Jensen*, 86 NY2d 248, 253 [1995]; *Matter of Eric C.*, 281 AD2d 543, 544 [2001]). Contrary to the appellant's contention, the evidence here established that the arresting officer was "justified in concluding that [the appellant] was intentionally or recklessly creating a substantial risk that public inconvenience, annoyance or alarm would occur" (*People v Shapiro*, 96 AD2d 626, 627 [1983]; *see* Penal Law § 240.20; *Matter of Leonard D., supra*). Since the officer reason-

ably believed that the appellant was at least 16 years old and had probable cause to arrest him for committing the offense of disorderly conduct (*see* Penal Law § 240.20 [1], [5], [7]), the arrest was authorized and, therefore, the resisting arrest charge was established by legally sufficient evidence (*see Matter of Leonard D., supra*; *Matter of James T.*, 189 AD2d 580 [1993]; *Matter of Charles M., supra*).

With respect to the second incident we find that the evidence, viewed in the light most favorable to the presentment agency, was legally sufficient to support the inference that the appellant acted with larcenous intent and knowledge that the merchandise he was holding had been stolen (*see People v Derrell*, 6 AD3d 625, 626 [2004]; *People v Gonzalez*, 246 AD2d 667, 668 [1998]). Accordingly, the evidence was legally sufficient to prove beyond a reasonable doubt that the appellant committed acts which, had they been committed by an adult, would have constituted petit larceny and criminal possession of stolen property in the fifth degree (*see* Penal Law §§ 155.25, 165.40).

Finally, the Family Court's findings with regard to both incidents were not against the weight of the evidence (*see Matter of Joseph J.*, 205 AD2d 776, 777 [1994]; *People v McCrea*, 194 AD2d 742, 743-744 [1993]; *cf. People v Gaimari*, 176 NY 84, 94 [1903]). Crane, J.P., Luciano, Skelos and Lifson, JJ., concur.