■ In the Matter of DOMINICK M., a Person Alleged to be a Juvenile Delinquent, Appellant. [47 NYS3d 401]—

Appeal from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated February 17, 2016. The order adjudicated Dominick M. a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review an order of fact-finding of that court dated February 3, 2016, which, after a hearing, found that Dominick M. had committed acts which, if committed by an adult, would have constituted the crimes of obstructing governmental administration in the second degree and resisting arrest.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On March 7, 2015, the appellant was observed by two police

officers drinking from an open container of alcohol on a public sidewalk. When questioned by the officers, the appellant refused to present identification and said that he was 17 years old. When the officers attempted to arrest the appellant, he tried to flee and physically struggled with the officers for three to five minutes, until he was handcuffed. The appellant was arrested and charged with obstructing governmental administration in the second degree and resisting arrest. At some point after the arrest, the officers learned that the appellant was actually 15 years old.

After a fact-finding hearing, the Family Court found that the presentment agency established that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of obstructing governmental administration in the second degree and resisting arrest. The court adjudicated the appellant a juvenile delinquent and placed him on probation for a period of 12 months.

On appeal, the appellant argues that his arrest resulted from his possession of an open container of alcohol in a public place, and that since this offense is a violation, rather than a felony or a misdemeanor, it cannot provide the basis for a juvenile delinquency proceeding for a person younger than 16. He contends that his conduct constituted "quintessential PINS behavior" and that the presentment agency improperly "bootstrapped" the charges of obstructing governmental administration in the second degree and resisting arrest onto his PINS-type behavior.

When a person in need of supervision (hereinafter PINS) fails to comply with conditions imposed in a PINS proceeding by "engaging in typical PINS-type behavior," such behavior cannot be the basis of a juvenile delinquency petition seeking to impose punishments which are not permissible in a PINS proceeding (*Matter of Gabriela A.*, 23 NY3d 155, 163 [2014]; *see Matter of Daniel I.*, 57 AD3d 666, 668 [2008]; *Matter of Edwin G.*, 296 AD2d 7, 12 [2002]; *Matter of Jasmine A.*, 284 AD2d 452, 453 [2001]). Here, however, the appellant was never the subject of a PINS proceeding, and the charges for which he was adjudicated a juvenile delinquent did not arise out of his failure to comply with a court order rendered in a PINS proceeding.

Accordingly, the Family Court properly adjudicated the appellant a juvenile delinquent for committing acts which, if committed by an adult, would have constituted the crimes of obstructing governmental administration in the second degree and resisting arrest (*see Matter of Carlton F.*, 25 AD3d 610,

611-612 [2006]; *Matter of Charles M.*, 143 AD2d 96, 97 [1988]). Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur.