■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RICH,

Appellant.—Judgment, Supreme Court, New York County, rendered May 12, 1976, convicting defendant of two counts of bribery in the second degree and one count of obstructing governmental administration, unanimously reversed, on the law, and this case remanded for a new trial. The defendant was indicted upon two counts of bribery in the second degree and one count of obstructing governmental administration. In essence, the defendant was charged with offering a bribe to police officers for the purpose of preventing those officers from returning a weapon, seized in Queens County, to a New York County Supreme Court Justice who had issued the search warrant. After deliberating approximately 75 minutes, the jury returned to the courtroom with the following questions: "The indictment states that the intent of the bribe was to prevent police officers from taking the gun to the Judge. If there is doubt that that was the intent of the bribe, what does this mean in terms of the obstruction of justice portions of the indictment? And does this constitute reasonable doubt? The second part of the question reads: If there is doubt as to the intent of the bribe—i.e., to take the gun to the Judge, does this raise a reasonable doubt as to the guilt of the defendant under this indictment? Is it proper to speculate as to the defendant's state of mind? i.e. what was he thinking at the time?" In response to the jury's questions, the trial court gave a rambling supplemental charge. The court, in the course of that supplemental charge, specifically answered only one of the jury's questions in the following statement: "With respect to the question 'is it proper to speculate as to the defendant's state of mind', I told you that with respect to intent you are not to speculate." Defense counsel properly excepted to the entire supplemental charge on the ground that the lower court had grossly failed to reply to the jury's individual queries. Moreover, the court's supplemental instruction on the definition and significance of the word "intent" was, at best, confusing and, at worst, unintelligible: "Unless the act is done under circumstances that show that no such result is intended or is contemplated or could be known to the person doing them, you have a right to find that the result that was produced was intended if it was known to the person who was acting and he had knowledge of all the implications of the conduct that was involved." In light of the trial court's failure to answer the jury's questions directly and its incomprehensible charge on the meaning of "intent", the judgment is reversed and a new trial is ordered. Concur—Murphy, P. J., Lupiano, Capozzoli and Lane, JJ.