■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DELHALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered May 19, 1986, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and the court's adherence, upon reargument, to its original order denying that branch of the defendant's omnibus motion.

Ordered that the judgment is reversed, on the law and the facts, the defendant's motion to suppress is granted, the indictment is dismissed and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On October 16, 1985, at about 5:15 P.M., the arresting officer observed the defendant and four others engaged in conversation on a sidewalk on Northern Boulevard in Queens County. The officer approached the group and told them to move on. Four of the individuals dispersed but the defendant did not immediately comply with the officer's directive. The officer thereupon asked for identification. When the defendant failed to produce any, he was arrested for disorderly conduct and frisked. At the station house an inventory search of the defendant's person produced, *inter alia,* a quantity of cocaine. The defendant moved to suppress the items seized. The hearing court denied suppression. We reverse.

In determining whether probable cause exists to arrest a person for disorderly conduct pursuant to Penal Law § 240.20 the circumstances must indicate that the arresting officer was "justified in concluding that [the] defendant was intentionally or recklessly creating a substantial risk that public inconvenience, annoyance or alarm would occur" *(People v Shapiro,* 96 AD2d 626, 627). Penal Law § 240.20 is directed at conduct which involves an intent or risk that a breach of the peace will occur *(see, People v Bakolas,* 59 NY2d 51, 54; *People v Todaro,* 26 NY2d 325, 328; *see also,* Hechtman, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 240.20, at 263).

We conclude that from a review of the record, the defen-

dant's behavior did not constitute disorderly conduct *(see, generally, People v Early,* 85 AD2d 752). The hearing testimony failed to establish that pedestrian traffic was obstructed in violation of Penal Law § 240.20 (5), nor did the testimony reveal that the defendant refused to comply with the officer's order to move on with the accompanying intent to breach the peace or that such conduct posed a substantial risk of a breach of the peace. Accordingly, no probable cause existed to arrest the defendant for disorderly conduct *(see, People v McDougall,* 48 AD2d 802). The physical evidence seized in the subsequent search of the defendant at the station house must be suppressed as the product of the illegal arrest. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.