OPINION OF THE COURT
Per Curiam.
Order entered August 13, 1991 reversed, with $10 costs, defendants’ motion for summary judgment is granted and the complaint dismissed.
The plaintiff’s admitted refusal to pay the one-way fare or leave the commuter train — conduct which resulted in a delay of approximately 25 minutes to the other passengers — provided a lawful basis to arrest plaintiff for disorderly conduct (see, Matter of Charles M., 143 AD2d 96) or theft of services (see, Burroughs v New York City Tr. Auth., 112 AD2d 186). That plaintiff may have felt aggrieved because monthly commutation tickets were unavailable for purchase on the day involved (a Sunday) does not render actionable the otherwise lawful conduct of the defendant railroad company’s employees in removing plaintiff from the train and effectuating his arrest (see, Monnier v New York Cent. & Hudson Riv. R. R. Co., 175 NY 281). Where, as here, the facts leading up to the arrest are undisputed, the existence of probable cause is for the court to determine as a matter of law (Veras v Truth Verification Corp., 87 AD2d 381, 384, affd 57 NY2d 947).
Parness, J. P., Miller and McCooe, JJ., concur.