■ ALVIN GOLDSTEIN, Appellant, v METRO-NORTH COMMUTER RAILROAD COMPANY et al., Respondents. [616 NYS2d 595] —Order of the Appellate Term, of the Supreme Court, First Department (Parness, J. P., Miller and McCooe, JJ.), entered January 14, 1993, which, *inter alia,* reversed an order of the Civil Court, New York County (Laura Jacobson, J.), entered August

13, 1991, denying defendants' motion for summary judgment, granted the motion and dismissed the complaint, unanimously affirmed, without costs.

We agree with the Appellate Term that there was probable cause to arrest plaintiff for theft of services based upon his refusal to pay for the single ticket railroad fare, despite his assertion that he intended to purchase a monthly commutation ticket upon arrival at Grand Central and that he was unable to do so before boarding because the station ticket office was closed on Sunday.

While we also agree that probable cause existed to arrest plaintiff for disorderly conduct, *Matter of Charles M.* (143 AD2d 96), relied on by Appellate Term, is inapposite, since there the accused held open the doors of a subway car directly obstructing pedestrian traffic *(see,* Penal Law § 240.20 [5]), whereas here the train was delayed by the railroad's personnel. Probable cause here is rather to be found in the officer's reasonable belief that plaintiff's statements were causing an immediate danger of breach of the peace *(see,* Penal Law § 240.20 [3]). For purposes of this probable cause determination, the possible constitutional overbreadth of the statute *(cf., People v Dietze,* 75 NY2d 47), and questionable validity of any conviction based on the statements in question, make no difference.

We have considered plaintiff's contentions with respect to his claims for abuse of process, battery and punitive damages and find them to be without merit. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Rubin, JJ. *[See,* 155 Misc 2d 1.]