James F. DZINANKA, Plaintiff,

v.

The COUNTY OF SUFFOLK, Suffolk County Police Department, Henry A. Wager, Individually and as Police Officer of the Suffolk County Police Department, and Police Officers John Doe(s), Individually and as Unknown Police Officers of the Suffolk County Police Department, and Victor Lessard, Defendants.

No. CV 94–0860.

United States District Court, E.D. New York.

July 2, 1996.

John L. Juliano, P.C. by John L. Juliano, East Northport, NY, for plaintiff.

Robert J. Cimino, Suffolk County Attorney by Arlene S. Zwilling, Assistant County Attorney, Hauppauge, NY, for defendants the County of Suffolk, Suffolk County Police Department, and Henry A. Wager, Individually and as Police Officer of the Suffolk County Police Department.

Lally and Lally by Lawrence M. Lally, Mineola, NY, for defendant Victor Lessard.

### MEMORANDUM & ORDER

WEXLER, District Judge.

Plaintiff James F. Dzinanka ("plaintiff") brought the above-referenced action, pursuant to 42 U.S.C. § 1983, alleging that his rights under the Fourth and Fourteenth Amendments of the United States Constitution were violated during the course of an arrest and criminal prosecution. The Complaint names as defendants Suffolk County, the Suffolk County Police Department, Henry A. Wager ("Wager") and other unidentified police officers in their official and individual capacities (collectively, the "county defendants"), and Victor Lessard ("Lessard"). Presently before the Court are defendants' motions for summary judgment.

### I. BACKGROUND

Certain background facts are not in dispute. In the Summer of 1992, plaintiff worked as a mover for the McDevitt Moving and Storage Company, Inc. (the "company"). Lessard was the company's president.

Lessard suspected that plaintiff was not returning to the company all the money that he collected from customers at the end of moving jobs. On September 9, 1992, Lessard reported to the Suffolk County Police Department that plaintiff had kept more than $3,000 of the company's money and also removed equipment worth approximately $1,100 from the company's tractor-trailer. Lessard supported his allegations with an affidavit, which he gave to Wager, the police officer. *See* County Notice of Motion ("Motion"), Exh. A.

Wager also received a sworn statement from David Bush ("Bush"), an employee of the company. *See* Motion, Exh. B. Bush explained that plaintiff had been paid by customers in cash for six deliveries he made in August. Bush recalled meeting with plaintiff at the company on August 20, 1992, at which time plaintiff responded to inquiries regarding the missing money by handing over his records. He offered no explanation. After plaintiff left the premises that day, Bush discovered that moving equipment was missing from the trailer used by plaintiff.

In October 1992 and January 1993, four customers from whom the company had never received payment gave sworn statements to Wager acknowledging that they had paid cash to plaintiff at the conclusion of their moves in November 1992. Kathy Staib Cox said she gave him $600 on August 16, 1992, Motion, Exh. D; Carol Vengroff and Matilda Freeman said they paid him $2,217.78 and $1,273.40, respectively, on August 7, 1992, Motion, Exhs. E & F; and John McKeon said he paid plaintiff $1,892.32 on August 10, 1992, Motion, Exh. G.

On March 3, 1993, plaintiff was arrested for grand larceny. No warrant had been issued. The county defendants provide no factual detail with respect to the arrest—there is no affidavit or deposition testimony from the arresting officers and neither counsel's affidavit nor the statement submitted pursuant to Local Rule 3(g) provide anything more than an acknowledgment that a warrantless arrest was made. The details come from plaintiff.

In opposition to the motion, plaintiff explains that Wager had telephoned his home several times prior to March 3, 1993, threatening to arrest plaintiff if he did not pay Lessard the money he owed. Aff. of James F. Dzinanka, ¶ 8. As to the arrest itself, plaintiff offers the following account: at about nine P.M. on March 3, 1993, plaintiff heard a car pulling up his driveway. *Id.* ¶ 9. Plaintiff went outside and heard a voice in the darkness (apparently Wager's) say "James? We've come to take you away." *Id.* Plaintiff ran back inside, and Wager threatened to break the door down if plaintiff did not come out. *Id.* Soon, a "uniformed

officer arrived and spoke with the defendant, Wager, and then he began pounding the door with his nightstick." *Id.* A pane of glass was broken in the process. *Id.* Within the hour, thirteen or fourteen police cars had arrived. *Id.* One officer told plaintiff that they were in the process of obtaining a warrant for his arrest and that, if they got one, he would not "recognize [his] home when they were done." *Id.* In the face of "overwhelming police presence, and such threats and intimidation," plaintiff finally opened the door. *Id.* When he did, several officers entered and handcuffed him in his dining room. *Id.* Wager never entered plaintiff's home. Pl.Resp. to Am.Req. for Admis., ¶ 5.

On March 4, 1993, plaintiff was arraigned in county court on a felony complaint charging grand larceny. In June 1993, the felony complaint was superseded by a prosecutor's information charging petit larceny. After a bench trial, plaintiff was acquitted.

In the instant action, plaintiff alleges, *inter alia*, the following claims: (1) that defendants under color of state law deprived him of the Fourth Amendment right to be free from unreasonable seizures of the person; (2) that defendants' conduct amounted to a false arrest as proscribed by the Fourth Amendment; and (3) that defendants maliciously prosecuted plaintiff in violation of the Fourth Amendment.

## II. *DISCUSSION*

A party seeking summary judgment must demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).

The nonmoving party may defeat the summary judgment motion by producing

sufficient evidence to establish a genuine issue of material fact for trial. *See id.* at 322, 106 S.Ct. at 2552. The test for existence of a genuine dispute is whether a reasonable juror could find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–51, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). The opposition may not rest on mere allegations or denials of the moving party's pleading, but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

■ In ruling on a motion for summary judgment, a court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Donahue v. Windsor Locks Bd. of Fire Comm'rs.,* 834 F.2d 54, 57 (2d Cir.1987).

■ In order to prevail on his false arrest claim, plaintiff must show: (1) intended confinement of plaintiff, (2) which plaintiff was neither conscious of, (3) nor consented to, and (4) which was not otherwise privileged. *Singer v. Fulton County Sheriff,* 63 F.3d 110, 118 (2d Cir.1995) (citing *Broughton v. State,* 37 N.Y.2d 451, 373 N.Y.S.2d 87, 93, 335 N.E.2d 310, 313–14 *cert. denied,* 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975)), *cert. denied,* 116 S.Ct. 1676 (1996). Only the last element is in dispute.

■ The county defendants argue that the warrantless arrest was privileged because it was supported by probable cause. *See Bernard v. United States,* 25 F.3d 98, 102 (2d Cir.1994) (the existence of probable cause is a "complete defense to an action of false arrest"). Probable cause exists when the arresting officer has "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Calamia v. City of New York,* 879 F.2d 1025, 1032 (2d Cir. 1989). "A finding of probable cause can be made based on the 'totality of the circumstances.'" *Bernard,* 25 F.3d at 102 (quoting *Illinois v. Gates,* 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1982)). In the instant case, there was indeed probable cause to arrest plaintiff. Based on the sworn statements of Lessard, Bush, and the four customers who gave cash to plaintiff, Wager had probable cause to believe that plaintiff had committed larceny.

■ Where, however, a warrantless arrest occurs inside an individual's home, constitutionality depends not only upon the existence of probable cause, but upon the existence of exigent circumstances or consent as well. *See Payton v. New York,* 445 U.S. 573, 576–77, 100 S.Ct. 1371, 1374–75, 63 L.Ed.2d 639 (1980); *Duncan v. Storie,* 869 F.2d 1100, 1102 (8th Cir.1989), *cert. denied,* 493 U.S. 852, 110 S.Ct. 152, 107 L.Ed.2d 110 (1989). That being so, there are genuine issues of material fact in the instant case—*i.e.,* whether, as plaintiff contends, the arrest took place in his home; which officer or officers made the arrest; whether the arrest was made at Wager's direction; whether plaintiff's retreat into his home was an exigent circumstance; and whether plaintiff was coerced into opening his front door. The presence of these factual issues preclude the Court from granting summary judgment in favor of the county defendants on plaintiff's claims regarding the arrest. For the same reason, it would be premature to grant qualified immunity on those claims at this time.

■ The elements of a malicious prosecution claim are: (1) a criminal prosecution, (2) that terminated in plaintiff's favor, (3) for which there was no probable cause, (4) which defendant initiated out of malice. *Bernard,* 25 F.3d at 104. The alleged constitutional violation must have been effectuated "pursuant to legal process." *Singer,* 63 F.3d at 116–17 (quoting *Heck v. Humphrey,* 512 U.S. 477, ——, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994)). Ordinarily, "legal process" will be in the form of an arrest warrant or a subsequent arraignment. *Id.* at 117. A warrantless arrest made prior to arraignment does not constitute "legal process." *Id.* As such, the circumstances of the allegedly improper arrest in the instant case are of no consequence to the malicious prosecution claim.

■ Plaintiff was criminally prosecuted, and he received a favorable termination. But plaintiff cannot establish the third element of a malicious prosecution claim. Just

as the Court found that there was probable cause to arrest (it was the location of the arrest that raised the constitutional issue on plaintiff's arrest claims), the Court finds, as a matter of law, that there was probable cause to prosecute. Accordingly, the county defendants are entitled to summary judgment on the malicious prosecution claim.

Finally, summary judgment is also appropriate in favor of Lessard on the claim that he willfully participated with state actors in violating plaintiff's constitutional rights. There is no allegation that Lessard was involved in the arrest other than that he signed a complaining affidavit six months before the arrest was made.

### III. *CONCLUSION*

For the above reasons, Lessard's motion for summary judgment is granted, and the county defendants' motion for summary judgment is granted in part and denied in part. The county defendants' motion is granted as to the malicious prosecution claim and denied in all other respects.

SO ORDERED.