Burke, J.
The appellant was charged with disorderly conduct (Penal Law, § 240.20, subds. 3, 6) and harassment (Penal Law, § 240.25) on the complaint of the arresting officer that the appellant, at the corner of Seventh Avenue and 42nd Street in New York City, “congregated with others in a public place, used abusive and obscene language and réfused to comply with the lawful order of the deponent to move on after several warnings.” The officer’s sworn complaint further stated that the appellant had threatened the officer with physical harm by saying “I’ll get you for this”. At the trial of the charges, the arresting officer testified that, on the night in question, he was on patrol on the corner of Seventh Avenue and 42nd Street and that he had the appellant and three companions under observation for about an hour. He testified that he asked them to move on several times within the period of an hour. The' third time he asked them to move on, they were standing outside the entrance to the Seventh Avenue subway and they refused to move, telling the officer that he could not order them to do so. “ The defendant Russell Todaro told me — the first thing he said, you can’t tell us to f----g move. That’s the first thing he said.” The officer testified that, at this point, he placed the appellant under arrest for disorderly conduct and placed him in a patrol car. It was at this point according to the officer that the 11 Defendant Russell Todaro told me in the patrol car, I’ll get you for this. I charged him with the additional charge of harassment. ’ ’ The officer was the only prosecution witness and, at the end of his direct testimony, the appellant moved for a dismissal on the ground that the People had *328 failed to present a prima facie case. The motion was denied and appellant called one of his companions as his only witness.
Appellant’s witness testified that he and his companions, including the appellant, had come from a movie house across the street and that they had been standing on the site of the arrest “ Not more than a minute” when the officer allegedly approached and told them that he had seen them before on that block and ‘1 told us to get out of there. ’ ’ He admitted that the officer asked them to move on but said that they ‘ ‘ were just ready to move and then he said, into the store.” He further testified that he and his companions were standing in front of a closed newspaper stand ‘1 between two subway entrances”; that no pedestrians had asked them to move out of the way and that no one brushed against him while he was standing at that point on the sidewalk. At the close of the evidence appellant moved for an acquittal on the ground that his guilt had not been established beyond a reasonable doubt. The motion was denied and appellant found guilty and sentenced to “ time served.”
On appeal from the judgment of conviction to the Appellate Term, the appellant contended that the evidence was legally insufficient to sustain a conviction for either disorderly conduct or harassment and the People conceded that the evidence was insufficient. The Appellate Term nevertheless affirmed the judgment of conviction, one Justice dissenting' and agreeing with the concession of insufficiency. The majority concluded that the proof was sufficient and held that the “ statute does not require proof of the accomplished fact of public inconvenience, annoyance or alarm; but proof only from which the risk of it, recklessly created, might be inferred (Penal Law, § 240.20, subd. 6).” (emphasis in the original). As to the disorderly conduct charge, we agree that the conviction should be affirmed. The statute is a substantial restatement of section 722 of the former Penal Law, which was construed in a case whose holding is clearly applicable to the present case. In People v. Galpern (259 N. Y. 279), the arrest arose from a dispute between a citizen and a police officer who directed the citizen and his companions to move on. His conviction for failure to obey the police officer’s direction to move on was affirmed. “ A refusal to obey such an order can be justified only where the *329 circumstances show conclusively that the police officer’s direction was purely arbitrary and was not calculated in any way to promote the public order * * * The courts cannot weigh
opposing considerations as to the wisdom of the police officer’s directions when a police officer is called upon to decide whether the time has come in which some directions are called for.” (259 N. Y., at 28A-285). The circumstances present here do not indicate any arbitrariness on the part of the police officer, charged as he was with maintaining public order on one of the busiest street corners in the world. Moreover, appellant’s emphasis on the contention that the fact of disorder was not established, to the exclusion of the risk that it might come to pass, ignores the very terms of the statute itself. On this record, the trial court could well have found beyond a reasonable doubt that the appellant was aware of and consciously disregarded a substantial and unjustifiable risk that “public inconvenience, annoyance or alarm ’ ’ might result from his use of clearly “ abusive and obscene language ” in response to the officer’s repeated requests to move on and his refusal to comply with such requests. Accordingly, the judgment of conviction on the disorderly conduct charge should be affirmed.
We merely note that appellant’s attack on the constitutionality of the statute is without merit, both as to a challenge to the statute on its face (see People v. Thomas, 23 N Y 2d 659, remittitur amd. 23 N Y 2d 805; People v. Turner, 17 N Y 2d 829; People v. Femer, 300 N. Y. 391) and as applied to the present facts (cf. Shuttlesworth v. Birmingham, 382 U. S. 87, 90-91).
The appellant was also found guilty of harassment (Penal Law, § 240.25) in the trial court’s general finding of guilt, although neither the complaint nor the evidence referred specifically to any one of the subdivisions of that section. From the arresting officer’s testimony, however, it is clear that the charge was based upon the appellant’s alleged statement to the officer, after he had been arrested for disorderly conduct and placed in a patrol car, that “I’ll get you for this.” The officer testified that it was after the appellant allegedly made this statement that he ‘ ‘ charged him with the additional charge of harassment.” Appellant contends for the first time on this appeal, *330 that he could not be found guilty on this charge because the complaint was fatally defective in failing -to .specify which of the subdivisions of the statutory offense was being charged. We have held that a complaint charging disorderly conduct need not .state the charge with the precision required of an indictment (People v. Hippie, 263 N. Y. 242, 244) and that a judgment of conviction for disorderly conduct will be affirmed if the evidence establishes a violation of any of the subdivisions of the disorderly conduct statute (People v. Carcel, 3 N Y 2d 327, 331). And, as the People argue in the present case, harassment is essentially similar to -the offense of disorderly conduct since it involves essentially the same conduct, but is directed toward an individual rather than toward the public in general (compare Penal Law, § 240.20 with § 240.25; see Penal Law, § 240.25, practice commentary). There is thus ample support for the proposition that a complaint charging harassment, like a complaint charging disorderly conduct, is sufficient if the evidence establishes a violation of any one of the subdivisions of the harassment statute.
Appellant’s challenge to the sufficiency of the evidence on the harassment charge is well-founded and requires a reversal of that conviction. The statute provides that1 ‘ A person is guilty of harassment when, with intent to harass, annoy or alarm another person: 1. He strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same ” (Penal Law, § 240.25, subd. 1). The only evidence in the case bearing upon this charge was the police officer’s testimony that the appellant stated, “I’ll get you.for this while seated in a patrol car after his arrest for disorderly conduct. This single, equivocal statement does not suffice to establish beyond a reasonable doubt that the appellant “with intent to harass, annoy or alarm ” the police officer, attempted or threatened to “ strike, shove, kick or otherwise subject him to physical contact ’ ’. Something more must be established than that a teenager, angered or annoyed at being arrested upon what he considered to be insufficient grounds, expressed his anger or annoyance in terms of apparent bravado, particularly in the absence of proof of any further words or acts tending to confirm the criminal nature of the act charged. Accordingly, the conviction for harassment may not stand.
*331 The judgment of conviction should be modified by reversing the harassment conviction and dismissing the complaint to the extent that it charges harassment.
Chief Judge Fuld and Judges Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Judgment modified by reversing so much thereof as convicted the defendant of harassment and by dismissing the charge of harassment, and, as so modified, affirmed.