OPINION OF THE COURT
Jesse M. Eisen, J.
The four defendants herein have been charged with a violation of subdivision 3 of section 240.20 of the Penal Law, disorderly conduct. One of them, William Philpin, has moved for an order to dismiss the information on the ground that (1) it is defective because the statute defining the offense is unconstitutional or otherwise invalid citing CPL 170.30 (subd 1, par [a]) and 170.35 (subd 1, par [c]) or in the alternative (2) dismissal is required in the furtherance of justice within the meaning of CPL 170.40.
Subdivision 3 of section 240.20 of the Penal Law provides as follows: "A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof * * * 3. In a public place, he uses abusive or obscene language, or makes an obscene gesture”.
It is set forth in the instant information that the defendants, while in a public place, uttered various statements such as "You fucking bitch”, "You dumb bitch”, and "I am going to get you” to passerby and to the complainant police officer, "thereby causing a disturbance and people to congregate”.
The defendant contends that subdivision 3 of section 240.20 of the Penal Law is overbroad and facially unconstitutional under the First and Fourteenth Amendments to the United States Constitution and cites three United States Supreme Court cases in support of his claim. A review of these decisions does not substantiate the assertion that the violation charged herein is necessarily unconstitutional. In two of the cases (Lewis v City of New Orleans, 415 US 130; Hess v Indiana, 414 US 105) it was indicated by the Supreme Court that the statutes under review had been applied to punish only "spoken words”, and as a result any enforcement thereunder would certainly affect speech protected by the Constitution. Also the laws being interpreted by the said court in the two cases were somewhat different from the New York disorderly conduct statute which latter statute by its language *267 is directed against utterances which would or could inflict possible public alarm or tend to incite an immediate breach of the peace, and is not limited to speech alone. In the other cited case (Gooding v Wilson, 405 US 518) the Supreme Court said that since the State of Georgia by its rulings had not limited the application of its statute to "fighting words” likely to create or excite a breach of the peace, the law had to be stricken. The constitutionality of subdivision 3 of section 240.20 of the Penal Law had been indicated by the New York State Court of Appeals in People v Todaro (26 NY2d 325) and though this decision antedated the United States Supreme Court cases referred to by the defendant, the constitutionality of the charged statute has not been affected by these subsequent rulings since the New York law has been applied consistently to instances involving the use of language which provokes or produces, or recklessly creates the risk of, an "immediate breach of the peace”.
It is pointed out there is a strong presumption that a legislative statute is constitutional and its invalidity must be demonstrated beyond a reasonable doubt (People v Pagnotta, 25 NY2d 333, 337). In addition every presumption exists in favor of validity and every presumption will be indulged in to support and sustain legislation. The court should not strike down a legislative act unless the conflict between the law and the Constitution cannot be resolved in any way. Such conflict is not clearly evident in this matter. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.) Generally, and only in rare cases should courts of first instance find acts of the Legislature unconstitutional. (See People v Mason, 99 Misc 2d 583, 587.)
It is further noted that it has been held that a complaint charging disorderly conduct need not state the charge with the precision required of an indictment (see People v Todaro, supra), and that a judgment of conviction will be affirmed if the evidence establishes a violation of any of the subdivisions of the disorderly conduct law. (See People v Carcel, 3 NY2d 327, 331.)
In view of the aforesaid the motion by the defendant to dismiss on the ground that the statute defining the offense is unconstitutional is denied.
The application to dismiss in the furtherance of justice is devoid of facts which would manifest why it should be granted. The Criminal Procedure Law permits the exercise of *268 discretion by the court when there exists "some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice.” (CPL 170.40.) The defendant has failed to show or produce such prerequisite facts, and has merely raised questions which can only be resolved by a trial of the issues and not by motion. The request pursuant to CPL 170.40 is denied.