Chief Judge Cooke
(concurring). While I agree that the order of the County Court of Cortland County should be reversed and the information dismissed, my analysis takes a different path than that of the majority.
In my view, harassing statements violative of law can indeed be made over a citizens’ band radio. Any statement "initiated by mechanical or electronic means or otherwise” (Penal Law, § 240.30, subd 1), may form the basis of an aggravated harassment prosecution. To hold, as does the majority, that in addition to the language quoted above, the statute further requires that the statements be made "by telephone, or by telegraph, mail or any other form of written communication” not only constitutes a hypertechnical misreading of an unambiguous penal statute but effectively insulates a particularly egregious form of harassing conduct from the ambit of the statute as well. Plainly, under the majority’s reading of section 240.30, a person is not guilty of aggravated harassment if he orally communicates directly with his intended victim, since face-to-face conversation is not initiated "by telephone or telegraph, or any other form of written communication”. The structure of the subdivision with its *1054 frequent use of the disjunctive negates such a notion. That section 240.30 does not contain a laundry list of those devices through which harassing communications can be made grants courts no license to ignore its plain and express intendment.
However, as section 240.30 proscribes communications which are not necessarily obscene, it must be narrowly construed. The basis of the crime of harassment — a penal sanction that punishes the exercise of speech — is that the proscribed conduct is likely to lead to a breach of the peace. This rationale, of course, loses much if not all of its force where the language complained of is not heard by or directly aimed at the complainant. Thus, constitutionally protected speech which cannot incite to violence because it is not communicated to the complainant may not form the basis of a criminal prosecution (see Cohen v California, 403 US 15; Chaplinsky v New Hampshire, 315 US 568, 572). The crime of harassment by its nature necessitates annoyance, anxiety or worry on the part of complainant caused by the vexing conduct of the defendant (see People v Todaro, 26 NY2d 325, 330; 39A CJS, p 353). Without direct communication to the complainant, a harassment conviction cannot be sustained. Whatever civil liabilities defendant may have exposed himself to as a result of his diatribe, the failure of complainant to hear the broadcast precludes imposition of this criminal sanction.
Judges Jasen, Gabeielli, Jones, Fuchsberg and Meyer concur; Chief Judge Cooke concurs in result in a separate opinion in which Judge Wachtler concurs.
Order reversed and information dismissed in a memorandum.