OPINION OF THE COURT
Hyman T. Maas, J.
The defendants-respondents were charged by an information dated November 29, 1980, with disorderly conduct in violation of subdivisions 1, 2 and 5 of section 240.20 of the Penal Law. Defendants-respondents moved in Rochester City Court before Judge William H. Bristol, to dismiss the apeusatory instruments on the grounds that the information was defective and that subdivisions 1, 2 and 5 of section 240.20 of the Penal Law were unconstitutional for vagueness. This appeal is confined to only that portion of the trial court’s order dismissing the charge under subdivision 2 of section 240.20 of the Penal Law as unconstitutional.
*833 Subdivision 2 of section 240.20 of the Penal Law states:
“A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof * * *
“2. He makes unreasonable noise”.
The statute prohibits making unreasonable noise with intent to cause public inconvenience, annoyance or claim or recklessly creating a risk. The statute does not make it a crime to merely make an unreasonable noise — the unreasonable noise must be “with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk”. Closely analogous, the Court of Appeals has held constitutional subdivision 3 of section 240.20 of the Penal Law, i.e., disorderly conduct by use of abusive or obscene language in a public place. (People v Todaro, 26 NY2d 325, cited in People v Zongone, 102 Misc 2d 265.)
This court is constrained to follow section 150 of Statutes (McKinney’s Cons Laws of NY, Book 1) and cases cited thereunder, which states in part: “Courts of first instance. A statute should not ordinarily be set aside as unconstitutional by a court of original jurisdiction unless such conclusion is inescapable. Courts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases involving life and liberty, and where the invalidity of the act is apparent on its face. This rule is particularly to be applied in a case where the Court of Appeals has implicitly, if not explicitly, upheld the validity of a statute”.
There is a strong presumption of constitutionality of statutes and the unconstitutionality of the statute must be demonstrated beyond a reasonable doubt. (People v Pagnotta, 25 NY2d 333, 337.)
The order of the Rochester City Court is reversed, and the matter remitted for further proceedings on the information.