## Commonwealth v. Fox

*Lorinda L. Hinch; assistant district attorney*, for the commonwealth.

*Thomas R. Dobson,* for defendant.

FORNELLI, *J.*, October 14, 1987 — At a de novo summary appeal hearing, the defendant, Robert H.

Fox, was convicted of harassment under 18 Pa.C.S. §2709(1). Defendant has filed a timely motion in arrest of judgment challenging the sufficiency of the evidence.

The facts in this case must be viewed in the light most favorable to the commonwealth on a motion in arrest of judgment. They show that defendant in a separate trial was convicted, inter alia, of burglary and theft of an automobile. There followed a discussion with his trial attorney, a public defender, about post-trial motions. The defendant, who had a history of contentiousness with his attorney, pointed his finger at the attorney and in a menacing voice said "If I have to do two to three years, when I get out, I'll know where to find you and justice will be done."

Section 2709(1) of the Pennsylvania Crimes Code provides:

"A person commits a summary offense when, with the intent to harass, annoy or alarm another person he strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same." 18 Pa.C.S. §2709(1).

The issue before the court is whether the defendant's statement constitutes a threat of physical contact for purposes of the crime of harassment.

We have not been cited by the parties, nor have we found any Pennsylvania cases factually analogous to the case at bar. It is, therefore, necessary to examine the statute. According to the official comments thereto, the Pennsylvania harassment statute was derived from and is identical to section 240.25 of the New York Penal Code. Therefore, New York cases thereunder are instructional.

Defendant contends, and we concur, that the case at bar is conceptually identical to *People v. Todaro*, 26 N.Y.2d 325, 258 N.E. 2d 711 (1970). In

*Todaro*, the defendant was charged with and convicted of harassment under New York Penal Code §240.25. The only evidence against him consisted of the statement: "I'll get you for this," directed to a police officer following the defendant's arrest for refusing to comply with the officer's orders and for using abusive and obscene language. The New York Court of Appeals reversed the harassment conviction on the basis that the evidence was legally insufficient to constitute harassment.

The court in *Todaro* held that a single equivocal statement was not sufficient to establish beyond a reasonable doubt that the defendant "with intent to harass, annoy or alarm" the police officer, attempted or threatened to "strike, shove, kick or otherwise subject him to physical contact." *Id.* at 713-4.

In the case at hand, defendant's statement is more equivocal than that of the defendant in *Todaro*. Here, he simply said if required to serve two to three years, when he got out he would know where to find the attorney and "justice will be done." The word "justice" used in this context is equivocal and could mean a number of different things, including a lawsuit, a post-conviction hearing act proceeding, or an assault. We cannot conclude as to defendant's specific intent when he said these words other than an obvious intent to correct a perceived potential injustice. Therefore, we can only examine the context in which defendant's words were used. See *Commonwealth v. Hornberger*, 441 Pa. 57, 270 A.2d 195 (1970); *Commonwealth v. Tyrell*, 405 Pa. 210, 174 A.2d 852 (1961); *Commonwealth v. Duncan*, 239 Pa. Super. 539, 363 A.2d 803 (1976).

At the summary appeal hearing, defendant testified that he had told his public defender numerous

times that he wanted a different attorney and that he didn't think he was effectively being represented by him. Defendant also testified he made the statement when he was angry with the attorney for not effectively representing him and causing him to be convicted.

The context in which the defendant made the alleged threat is comparable to that in *People v. Todaro, Id.*: a man angrily striking out with words because he feels he has been unfairly treated. Both defendants expressed their anger in ambiguous words of bravado.

If we were to apply the harassment statute to such isolated, equivocal statements made in the heat of anger, it would obscure the line between criminal and non-criminal activity. It is an unfortunate fact of human nature that people in the heat of anger may say that which they do not really intend. To subject one to criminal sanctions of harassment for such statements requires at the least that such statements contain clear, certain and unequivocal statements of threats of physical contact. The statement in this case does not meet that criteria so as to be the clearly defined criminal conduct stated in the statute.

Since we find that the statement made by the defendant does not constitute a clear threat of physical contact under 18 Pa.C.S. §2709(1), it is unnecessary to address the effect of the conditional or future nature of the defendant's statement.

Hence, this

## ORDER

And now, October 14, 1987, defendant's motion in arrest of judgment is granted.