(December 13, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBIN MOYE, Appellant. [935 NYS2d 11]—

Defendant was convicted of disorderly conduct under a theory that he recklessly created a risk of public inconvenience, annoyance, or alarm by obstructing traffic (*see* Penal Law § 240.20 [5]). The People's proof demonstrated that even after an officer identified himself, defendant continued running from an unmarked police vehicle, zigzagging between the sidewalk and the street, and interfering with traffic.

Defendant's defense was that he was appropriately and justifi-

ably running into and out of the street in order to escape from a suspicious van at night in a high-crime area and that he was taking evasive actions to avoid being hit by the pursuing van, which followed him onto the sidewalk.

Defendant's argument that the People's evidence is legally insufficient to support the conviction is unpreserved. As an alternative holding, assuming that the argument is preserved, we find that the conviction is supported by sufficient evidence. We further conclude that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Viewing the evidence as a whole in the exercise of our factual review powers, we find that the People presented sufficient evidence to refute defendant's defense beyond a reasonable doubt. Concur—Gonzalez, P.J., Friedman, Moskowitz, Acosta and Richter, JJ.