OPINION OF THE COURT
Mary V. Rosado, J.
Defendant is charged with aggravated harassment in the second degree (Penal Law § 240.30 [1] [b]). By affirmation and memorandum of law dated March 17, 2015, defendant moved for the dismissal of the charge on the ground that the accusatory instrument is facially insufficient and for other relief. By affirmation in opposition dated April 15, 2015, the People opposed dismissal, arguing that the accusatory instrument is facially sufficient. In rendering a decision, this court reviewed defendant’s affirmation and memorandum of law dated March 17, 2015, the People’s affirmation in opposition dated April 15, 2015, the court file, and relevant statutes and case law.
Defendant’s motion to dismiss the charge of aggravated harassment in the second degree is denied.
Factual Allegations
The information alleges, in pertinent part, that on or about February 4, 2015, at approximately 2:38 p.m., at 40 Richman Plaza apartment number 23 D, the following occurred:
*869 “Deponent states that, at the above time and place, deponent’s residence, she received a telephone call from defendant stating in sum and substance: I SEE YOU ARE NOT WEARING THE BLACK BOOTS THAT YOU WERE WEARING EARLY THIS MORNING WHEN YOU DROPPED OFF JALISSA. I AM GOING TO BEAT THE FUCK OUT OF YOU.
“Deponent further states that she has known defendant for approximately eleven (11) years, has spoken to defendant in person and over the phone several times, and recognized the voice on the phone to be that of the defendant.
“Deponent further states that as a result of defendant’s aforementioned conduct, she feared for her physical safety.”
Facial Sufficiency
To be facially sufficient, an accusatory instrument “must designate the offense or offenses charged” (CPL 100.15 [2]) and “must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]). More specifically, an information must provide “reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information” (CPL 100.40 [1] [b]) and must contain “nonhearsay allegations [that], if true, establish every element of the offense charged and the defendant’s commission thereof” (People v Henderson, 92 NY2d 677, 679 [1999]; see CPL 100.40 [1] [c]).
The Court of Appeals has stated that CPL 100.40 (1) places “the burden on the People to make out their prima facie case for the offense charged in the text of the information” (People v Jones, 9 NY3d 259, 261 [2007])- It should be noted that the prima facie case requirement is not the same as the burden required at trial of proof beyond a reasonable doubt, “nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial” (People v Kalin, 12 NY3d 225, 230 [2009]). Rather, what is required is that the factual allegations in the information “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense” {id. at 230 [citations and quotation marks omitted]). Ultimately, the information “should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]).
*870 Aggravated Harassment in the Second Degree
Penal Law § 240.30 (1) (b) provides that
“[w]ith intent to harass another person, the actor . . .
“causes a communication to be initiated anonymously or otherwise, by telephone ... a threat to cause physical harm to, or unlawful harm to the property of, such person, a member of such person’s same family or household as defined in subdivision one of section 530.11 of the criminal procedure law, and the actor knows or reasonably should know that such communication will cause such person to reasonably fear harm to such person’s physical safety or property, or to the physical safety or property of a member of such person’s same family or household.”
Therefore, the elements of the offense are (1) intent to harass another, (2) causation of a communication, (3) of a threat to cause physical harm, and (4) knowing or having reason to know that the recipient of the communication will reasonably fear harm of physical safety.
Since Penal Law § 240.30 (1) (b) criminalizes certain types of speech alone, a defendant’s communication may invoke free speech protection. “[U]nless speech presents a clear and present danger of some serious substantive evil, it may neither be forbidden nor penalized” (People v Dietze, 75 NY2d 47, 51 [1989], citing Terminiello v Chicago, 337 US 1, 4-5 [1949]). Only particular kinds of communication may be prohibited, such as “fighting words, true threats, incitement, obscenity, child pornography, fraud, defamation or statements integral to criminal conduct” (People v Marquan M., 24 NY3d 1, 7 [2014]). True threats are those that “by their utterance alone, inflict injury or tend naturally to evoke immediate violence” (People v Golb, 23 NY3d 455, 467 [2014], quoting Dietze at 52). In order for a communication to qualify as a true threat, “an ordinary, reasonable recipient familiar with the context of the communication would interpret it as a true threat of injury” (People v Olivio, 6 Misc 3d 1034[A], 2005 NY Slip Op 50300[U], *2 [Crim Ct, NY County 2005] [citations omitted]). Furthermore, a true threat is one that is “clear, unambiguous, and immediate” (People v Orr, 47 Misc 3d 1213[A], 2015 NY Slip Op 50568 [U], *3 [Crim Ct, NY County 2015]; People v Brodeur, 40 Misc 3d 1070, 1073 [Crim Ct, Kings County 2013]; People v Yablov, 183 Misc 2d 880, 886 [Crim Ct, NY County 2000]).
*871 In the instant matter the information sufficiently alleges that defendant communicated a true threat of physical harm. Defendant’s statement “I’m going to beat the fuck out of you” (complaint at 1), possesses all the characteristics of a true threat. It is a statement that tends naturally to evoke immediate violence because it is a promise to cause severe physical harm. “Beating the fuck out of someone” is a statement that a reasonable listener would consider a true threat of physical injury. To beat is defined as “[to] [s]trike (a person or an animal) repeatedly and violently so as to hurt or injure them, usually with an implement” (Oxford Online Dictionary, beat [http:// www.oxforddictionaries.com/us/definition/american_english/ beat]). Defendant argues that without the context in which the statement was made, his communication cannot be deemed a threat to cause physical injury to the complainant. (Defendant’s affirmation at 7.) While the context of a statement is proper to consider in determining the genuineness of a threat (Olivio), it is unnecessary when the statement is clear on its face. A true threat is “serious, should reasonably have been taken to be serious, or was confirmed by other words or acts showing that it was anything more than a crude outburst” (Dietze at 53-54). Defendant’s statement also does not fail for lack of immediacy. True threats are not required to convey an exact time and place where the threatened harm is to be inflicted (see People v Delarosa, 47 Misc 3d 1213[A], 2015 NY Slip Op 50567[U] [Crim Ct, Bronx County 2015]; Olivio at *3).
Defendant’s attempt to liken his statement to the deficient threat in People v Tackie (46 Misc 3d 1218[A], 2015 NY Slip Op 50117[U] [Crim Ct, Bronx County 2015]) is unconvincing. In Tackie, the defendant was alleged to have called the complainant and said “Don’t let me use my boxing on you” (id. at *2 [emphasis omitted]). That court found that the communication lacked the specificity required for true threats of physical harm (id.).
While boxing is a contact sport, in which fighters skillfully exchange punches, that statement does not equate to an unequivocal threat to physically harm another. Also, by leading with “don’t let me” that statement did not possess an inevitability of harm.
In essence, defendant warned that if the complainant acted in a certain manner, defendant would use his boxing. In the instant matter, defendant’s statement is neither conditional, nor unspecific. “I am going to beat the fuck out of you” is a *872 promise of future action. Further, a promise to “beat the fuck out of” someone is unambiguous in that an ordinary and reasonable listener would interpret that as an impending assault, and not just a crude outburst.
The balance of defendant’s arguments are equally unpersuasive. His cited cases evaluated supposed threats that were more unclear, ambiguous or remote than the communication he is alleged to have made (see People v Todaro, 26 NY2d 325, 327 [1970] [“I’ll get you for this”]; Dietze at 50 [“beat the crap out of (the complainant) some day or night”]; Yablov at 882-883 [“If I don’t get the money you make tomorrow, I’ 1 (sic) go to the next step. I have so many irons in the fire, you don’t know what the fuck is going on! You’ll be vulnerable. We’ll get you David, we’ll get you!” (emphasis omitted)]).
For the foregoing reasons, the information sufficiently alleges that defendant stated a true threat to the complainant.
The information establishes that defendant caused a communication to be initiated by telephone. Complainant alleged that she received a telephone call at her residence. She further alleged that she recognized defendant as the person on the phone because she has known defendant for approximately 11 years, and has spoken to him in person and by telephone on several occasions.
The information also establishes that defendant knew or reasonably should have known that his communication would cause the complainant to reasonably fear for her physical safety. “A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists” (Penal Law § 15.05 [2]). Defendant should have been aware that telling the complainant “I’m going to beat the fuck out of you” would cause her to fear for her physical safety.
The information establishes defendant acted with the requisite intent to harass another person. Penal Law § 240.30 (1) was recently amended to undo the unconstitutionality of the previous version (Penal Law § 240.30, as amended by L 2014, ch 188; see Golb). The former subdivision required a person to act “with intent to harass, annoy, threaten or alarm another” (former Penal Law § 240.30 [1]). The current version removed “annoy, threaten or alarm,” but retained the intent to harass only. The removal of the intent to annoy, threaten, or alarm must be given legal significance. For “the failure of the *873 legislature to include a term in a statute is a significant indication that its exclusion was intended” (Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 60 [2013]; see also McKinney’s Cons Laws of NY, Book 1, Statutes § 74). A court should give the plain meaning to statutory language unless there is an accepted, technical meaning (People v Duggins, 3 NY3d 522, 527 [2004]).
Harassment is defined as “[w]ords, conduct, or action (usu[ally] repeated or persistent) that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress to that person and serves no legitimate purpose; purposeful vexation” (Black’s Law Dictionary [10th ed 2014], harassment [emphasis added]; see also Merriam-Webster Online Dictionary, harass [http://www.merriam-webster.com/ dictionary/harass] [is defined as “(1): to annoy persistently (2): to create an unpleasant or hostile situation for especially by uninvited and unwelcome verbal or physical conduct”]). Since annoyance and alarm are a part of the definition of harassment, the only discernible difference between “harass” and “annoy, threaten or alarm” is that “harass” contains a connotation of repetition or persistence of conduct. Therefore, “harass” implicates words, conduct, or action that forms a pattern or multiplicity of contact between the harasser and the harassed. Conversely, “annoy, threaten, and alarm” are all words that may be achieved by a singular event.
The factual allegations create a reasonable inference that the defendant’s purpose of calling complainant was part of a conscious desire to alarm complainant persistently. On February 4, 2015 at 2:38 p.m., defendant said over the phone “I see you are not wearing the black boots that you were wearing early this morning when you dropped off Jalissa.” He knew that complainant was wearing a particular pair of boots earlier that day. A reasonable person may infer from that statement that defendant was present and actually observed complainant, or that he had means of obtaining information about complainant, or that he was stalking her. Therefore, the threatening phone call acts as a second action directed at complainant. Further, there is a presumptive inference that a person intends the natural and probable consequences of his actions (People v Getch, 50 NY2d 456, [1980]). By uttering a true threat of physical harm to complainant, defendant intended to cause alarm to complainant. While a trier of fact will ultimately determine whether defendant’s course of *874 conduct evidences an intent to harass, the factual allegations contained in the accusatory instrument are adequate to survive the pleading stage.
The information is facially sufficient as to the charge of aggravated harassment in the second degree. The factual allegations provide reasonable cause to believe that defendant committed the offense charged by establishing every required element.
Identification Evidence Preclusion
Defendant’s motion to preclude identification evidence for untimely notice is denied. The court file indicates that the People served notice of identification evidence to defendant at arraignment.
Sandoval / Ventimiglia
Defendant’s request for a Sandoval/Ventimiglia hearing is referred to the trial judge.
Discovery and Bill of Particulars
Defendant’s motion to compel discovery and a bill of particulars is granted to the extent that the People have not already provided the demanded materials.
Defendant’s motion to preclude for failure to comply with a demand for discovery and bill of particulars is denied for it is premature. Defendant has not identified which materials the People have not already furnished, and the People have not been given an opportunity to comply with this court’s order to compel discovery and a bill of particulars.
Reservation of Right to Make Further Motions
Defendant’s application for an extension of time to file additional motions or to renew is denied subject to CPL 255.20 (3) for further leave upon good cause shown.
Defendant’s motion to dismiss the charge of aggravated harassment in the second degree is denied.