The People of the State of New York, Respondent, - 
against
Brandon Watson, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Marc J. Whiten, J. on motion to dismiss; Lynn R. Kotler, J. at plea and sentencing), rendered January 30, 2012, convicting him, upon a plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Marc J. Whiten, J. on motion to dismiss; Lynn R. Kotler, J. at plea and sentencing), rendered January 30, 2012, affirmed.
In view of the defendant's knowing waiver of his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of disorderly conduct (see Penal Law § 240.20[1]), the crime to which defendant ultimately pleaded guilty. In this regard, the factual portion of the accusatory instrument alleged, inter alia, that defendant was observed in Times Square late one night over the July 4th weekend shouting "suck my d**k, f**k that [racial epithet], f**k you suck my d**k," and "I'll f**king shoot all you motherf**kers," conduct that "caused people to leave/avoid the area and people to express alarm." Based upon these allegations, the factfinder could infer that defendant engaged in disruptive conduct that was intended to or recklessly created a substantial risk of a potential or immediate public problem (see People v Weaver, 16 NY3d 123, 128 [2011]; People v Munafo, 50 NY2d 326, 331 [1980]).
Inasmuch as the conduct and utterances attributed to defendant were coupled with allegations sufficient to infer a culpable mental state to create a public disturbance, they are not protected by the First Amendment (see People v Tichenor, 89 NY2d 769, 775 [1997], cert denied, 522 US 918 [1997] [disorderly conduct statute "is directed at words and utterances coupled with an intent to create a risk of public disorder, which the State has the authority and responsibility to prohibit, prevent and punish"]; see also People v Todaro, 26 NY2d 325 [1970]; People v Turner, 17 NY2d 829 [1966]; People v Feiner, 300 NY 391 [1950], affd sub nom Feiner v New York, 340 US 315 [1951]). 
Defendant's claim that his statements did not impose an imminent threat was a matter he could have raised at trial. "Having pleaded guilty to [disorderly conduct] on a jurisdictionally valid accusatory instrument, defendant conceded every element of the offense" (People v Konieczny, 2 NY3d 569, 577 [2004]), including that his conduct intentionally or recklessly created the risk of public inconvenience, annoyance or alarm. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 21, 2016