The People of the State of New York, Respondent,
against
Michael Marom, Appellant.




Michael Marom, appellant pro se.
Westchester County District Attorney (William C. Milaccio and Steven A. Bender of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Greenburgh, Westchester County (Delores Scott Brathwaite, J.), rendered on May 23, 2018. The judgment convicted defendant, after a nonjury trial, of harassment in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, and the information is dismissed.
Defendant was charged in an information with harassment in the second degree (Penal Law § 240.26 [1]). Following a nonjury trial, defendant was convicted of the charge. On appeal, defendant contends that the information was facially insufficient, because intent to commit the offense was not properly alleged in the factual portion of the accusatory instrument, and that the evidence at trial was legally insufficient to establish his guilt beyond a reasonable doubt. 
Accusatory instruments are to be accorded "a fair and not overly restrictive or technical reading," and will be upheld so long as they serve the fundamental purposes of providing the accused "notice sufficient to prepare a defense" and are in a form sufficiently "detailed" to [*2]prevent a subsequent retrial for the same offense (People v Casey, 95 NY2d 354, 360 [2000]; see People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]).
For pleading purposes, the requisite mental state may be alleged on the basis of a logical implication of the act itself or upon the surrounding circumstances (e.g. People v Bracey, 41 NY2d 296, 301 [1977]; People v McGee, 204 AD2d 353 [1994]; People v Ramnauth, 8 Misc 3d 128[A], 2005 NY Slip Op 50968[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). It is necessary only that there be alleged evidentiary facts from which intent may be inferred (see People v Jackson, 39 Misc 3d 138[A], 2012 NY Slip Op 52478[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Dreyden, 28 Misc 3d 5 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; People v Prevete, 10 Misc 3d 78, 80 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; People v Horner, 5 Misc 3d 134[A], 2004 NY Slip Op 51457[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). In our view, the allegations contained in the information sufficiently alleged facts from which defendant's intent could be inferred.
Viewing the evidence at trial in the light most favorable to the prosecution (People v Contes, 60 NY2d 620 [1983]), we find that it was legally insufficient to establish defendant's guilt of harassment in the second degree beyond a reasonable doubt (see People v Dietze, 75 NY2d 47, 53-54 [1989]; People v Todaro, 26 NY2d 325 [1970]). While genuine threats of physical harm fall within the scope of the statute, an outburst, without more, does not violate the statute (see People v Dietze, 75 NY2d at 53-54; People v Todaro, 26 NY2d at 330; People v Ruggerio, 4 Misc 3d 133[A], 2004 NY Slip Op 50747[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). In the case at bar, defendant's statement "I will kill you" did not present "a clear and present danger of some serious substantive evil" (People v Dietze, 75 NY2d at 51) which might be forbidden or penalized, but, rather, was nothing more than a crude outburst. In the absence of additional proof evidencing "a clear and present danger," the trial proof was legally insufficient to establish defendant's guilt of harassment in the second degree beyond a reasonable doubt (see People v Dietze, 75 NY2d at 51; People v Todaro, 26 NY2d at 330).
Accordingly, the judgment of conviction is reversed and the information is dismissed.
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 02, 2019