People v Lagano (2021 NY Slip Op 50767(U))

[*1]

People v Lagano (Anthony)

2021 NY Slip Op 50767(U) [72 Misc 3d 138(A)]

Decided on July 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2019-980 RI CR

The People of the State of New York,
Respondent,
against
Anthony Lagano, Appellant. 

Brill Legal Group, P.C. (Peter E. Brill of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Thomas B. Litsky of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County
(Raja Rajeswari, J.), rendered April 12, 2019. The judgment convicted defendant, after a nonjury
trial, of harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the accusatory
instrument is dismissed.
After a nonjury trial, defendant was convicted of harassment in the second degree (Penal
Law § 240.26 [1]), and sentence was imposed.
Viewing the evidence in the light most favorable to the prosecution (People v Contes,
60 NY2d 620 [1983]), we find that the evidence was legally insufficient to establish defendant's
guilt of harassment in the second degree beyond a reasonable doubt (see People v Dietze,
75 NY2d 47, 53-54 [1989]; People v Todaro, 26 NY2d 325 [1970]; People v Marom, 63 Misc 3d
145[A], 2019 NY Slip Op 50675[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019];
People v Ruggerio, 4 Misc 3d
133[A], 2004 NY Slip Op 50747[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]).
While genuine threats of physical harm fall within the scope of the statute, an outburst, without
more, does not constitute a violation (see People v Dietze, 75 NY2d at 53-54; People
v Todaro, 26 NY2d at 330; see also Watts v United States, 394 US 705, 708 [1969]).
In the case at bar, defendant's speech did not present "a clear and present danger of some serious
substantive evil" (People v Dietze, 75 NY2d at 51) which might be forbidden or
penalized.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 30, 2021