People v Cianci (2021 NY Slip Op 51027(U))

[*1]

People v Cianci (Richard)

2021 NY Slip Op 51027(U) [73 Misc 3d 134(A)]

Decided on October 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-1378 RI CR

The People of the State of New York,
Respondent,
against
Richard Cianci, Appellant. 

New York City Legal Aid Society (Steven J. Miraglia of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County
(Raja Rajeswari, J.), rendered May 31, 2018. The judgment convicted defendant, after a nonjury
trial, of disorderly conduct, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was convicted of disorderly conduct (Penal Law §
240.20 [5]) and was sentenced to a conditional discharge. On appeal, defendant contends that the
accusatory instrument was jurisdictionally defective; that the evidence was legally insufficient;
and that the verdict was against the weight of the evidence.
In order for an information to be facially sufficient, it (and/or any supporting depositions
accompanying it) must allege nonhearsay allegations of fact of an evidentiary character that
establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1]
[c]; People v Jones, 9 NY3d
259, 261-263 [2007]; People v Casey, 95 NY2d 354 [2000]; People v
Alejandro, 70 NY2d 133 [1987]). The failure to meet the above requirements is jurisdictional
and can be asserted at any time (see People v Casey, 95 NY2d at 363; People v
Alejandro, 70 NY2d at 135), with the exception of the nonhearsay requirement, which,
insofar as is relevant to this appeal, is waived if it is not timely raised by motion in the trial court
(see People v Kalin, 12 NY3d
225 [2009]; People v Casey, 95 NY2d at 364-365).
Penal Law § 240.20 (5) provides that "A person is guilty of disorderly conduct "when,
with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk
thereof . . . He obstructs vehicular or pedestrian traffic." For pleading purposes, the requisite
mental state may be alleged on the basis of a logical implication of the act itself or upon the
surrounding circumstances (see e.g. People v Bracey, 41 NY2d 296, 301 [1977];
People v McGee, 204 AD2d 353 [1994]; People v Bishop, 41 Misc 3d 144[A],
2013 NY Slip Op 52063[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). As this
court noted in People v Villegas (54
Misc 3d 137[A], 2017 NY Slip Op 50134[U], *2 [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2017]):
"Critical to a charge of disorderly conduct is a finding that the defendant's
disruptive behavior was of a public rather than an individual dimension (see People v Baker, 20 NY3d 354,
359 [2013]; People v Weaver, 16
NY3d 123, 127 [2011]). Consequently, a person may be guilty of disorderly conduct only
when the situation extends beyond the exchange between the individual disputants to a point
where it becomes 'a potential or immediate public problem' (People v Munafo, 50 NY2d
326, 331 [1980]). The risk of public disorder does not have to be realized, but the circumstances
must be such that defendant's intent to create such a threat, or reckless disregard thereof, can be
readily inferred (see Baker, 20 NY3d at 360; Weaver, 16 NY3d at 128; People
v Todaro, 26 NY2d 325, 329 [1970]; People v Kennedy, 19 NY2d 761, 762 [1967]
['It is enough that disorder was threatened by defendant's
conduct'])".
Defendant argues that the information is facially insufficient
because the factual allegations do not show that he intended to create, or recklessly disregarded
the risk of creating, public inconvenience, annoyance or alarm, and that his alleged actions
caused no "public" harm. The relevant factual portions of the information state that, on New
Year's day 2017, at about 3:50 p.m., in the vicinity of Richmond Road and New Dorp Lane in
Staten Island, New York, the deponent police officer "observed defendant riding a bicycle in the
above intersection, preventing motor vehicles from driving in the roadway . . . defendant rode a
bicycle in front of deponent's marked police motor vehicle, cursing and yelling at deponent,
stating in sum and substance, YOU'RE NOT GOING TO DO SHIT, YOU F[. . . .] PUSSIES,
causing deponent to have to brake several times." We find that these allegations adequately show
that defendant obstructed vehicular traffic of the driving public at large, not just of the deponent
police officer, by which defendant intended to create, or recklessly disregarded the risk of
creating, public inconvenience, annoyance or alarm. As the allegations of fact are of an
evidentiary character that establish, if true, every element of the offense charged (see CPL
100.15 [3]; 100.40 [1] [c]; People v Jones, 9 NY3d at 261-263; People v Casey,
95 NY2d 354; People v Alejandro, 70 NY2d 133), the information is not jurisdictionally
defective.
Defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate
review since, at trial, he failed to make the specific arguments he now raises on appeal
(see CPL 470.05 [2]; People v
Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61
[2001]; People v Gray, 86 NY2d 10 [1995]), and we decline to consider this contention
in the [*2]interest of justice. Nevertheless, since there is no
preservation requirement associated with defendant's contention that the verdict was against the
weight of the evidence, this court must necessarily determine as part of its weight of the evidence
review whether all of the elements of disorderly conduct were proven beyond a reasonable doubt
in this nonjury trial (see People v
Danielson, 9 NY3d 342, 348-349 [2007]; People v Thiel, 134 AD3d 1237 [2015]). Since a different verdict
would not have been unreasonable in the case at bar (see People v Zephyrin, 52 AD3d 543[2008]), we "must, like the
trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative
strength of conflicting inferences that may be drawn from the testimony' " (People v
Bleakley, 69 NY2d 490, 495 [1987], quoting People ex rel. MacCracken v Miller,
291 NY 55, 62 [1943]).
"[A] defendant may be guilty of disorderly conduct regardless of whether the action results in
public inconvenience, annoyance or alarm if the conduct recklessly creates a risk of such public
disruption" (People v Weaver, 16 NY3d at 128; see also People v Todaro, 26
NY2d at 329; People v Kennedy, 19 NY2d at 762; People v Moye, 90 AD3d 472, 472 [2011]). The evidence adduced
at trial showed that defendant, while riding his bicycle on a public roadway, zigzagged his
bicycle from the sidewalk to the roadway in which numerous vehicles were located. He rode his
bicycle against traffic, swerved in front of vehicles, slapped, punched and kicked numerous
parked and moving vehicles as he rode his bicycle, and tilted the side view mirrors of vehicles,
which caused motorists to try to avoid the defendant on his bicycle. Defendant also purposefully
rode his bicycle in front of a police car which caused the police car to stop in traffic in order to
avoid hitting defendant. We find that the aforementioned conduct, which clearly obstructed
vehicular traffic, was sufficient to establish defendant's intent to cause public inconvenience,
annoyance or alarm, or recklessly creating a risk thereof, in violation of Penal Law § 240.20
(5). Consequently, upon the exercise of our factual review power (see CPL 470.15 [5];
People v Danielson, 9 NY3d at 348-349), while according great deference to the trier of
fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess
their credibility (see People v Lane,
7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d at 495), we find that the
verdict convicting defendant of disorderly conduct was not against the weight of the evidence (see People v Romero, 7 NY3d
633, 643-646 [2006]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 22, 2021