■ In the Matter of GARY MEDURE, Petitioner, v RONALD ZWEIBEL et al., Respondent. [957 NYS2d 865]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements. Concur—Andrias, J.P., Saxe, Moskowitz, Freedman and Abdus-Salaam, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER THOMAS, Appellant. [961 NYS2d 27]—Judgment, Supreme Court, Bronx County (Seth L. Marvin, J.), rendered July 8, 2010, convicting defendant, after a jury trial, of robbery in the third degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously affirmed.

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). As to each of the two incidents, there is no basis for disturbing the jury's determinations concerning identification and credibility, including its evaluation of inconsistencies in testimony. To the extent defendant is claiming that the lineup procedures were unduly suggestive, we find that claim to be without merit (*see generally People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]).

Defendant did not preserve his challenge to the court's charge, and his related challenge to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The court adequately instructed the jury to consider the evidence of the two crimes separately, and the challenged portion of the prosecutor's summation was responsive to the defense summation.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Saxe, Moskowitz, Abdus-Salaam and Gische, JJ.