People v Williams (2021 NY Slip Op 51020(U))

[*1]

People v Williams (Kai)

2021 NY Slip Op 51020(U) [73 Misc 3d 133(A)]

Decided on October 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2018-2576 S CR

The People of the State of New York,
Respondent, 
against
Kai Williams, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Suffolk County District Attorney (Nicole L. Gallo of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Edward J.
Hennessey, J.), rendered November 20, 2018. The judgment convicted defendant, after a nonjury
trial, of harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was convicted of harassment in the second degree
(Penal Law § 240.26 [1]). Viewing the evidence at trial in the light most favorable to the
prosecution (People v Contes, 60 NY2d 620 [1983]), we find that the evidence was
legally sufficient to establish defendant's guilt beyond a reasonable doubt (see People v
Dietze, 75 NY2d 47, 53-54 [1989]; People v Todaro, 26 NY2d 325 [1970]). 
Under the particular circumstances of this case, including the threat that defendant made
when she told complainant, a store manager, that she "know[s] people in this town that can f**k
[her] up," and defendant's aggressive and hostile conduct of pushing store items off the cashier's
counter directed at the complainant, the People established the elements of harassment in the
second degree (Penal Law § 240.26 [1]) beyond a reasonable doubt.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 21, 2021