People v Moore (2021 NY Slip Op 51018(U))

[*1]

People v Moore (William)

2021 NY Slip Op 51018(U) [73 Misc 3d 133(A)]

Decided on October 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2018-1098 N CR

The People of the State of New York,
Respondent, 
against
William Moore, Appellant. 

Langone & Associates, PLLC (Richard M. Langone), for appellant.
Nassau County District Attorney (Jared A. Chester of counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, First District (Anthony W.
Paradiso, J.), rendered April 16, 2018. The judgments convicted defendant, upon jury verdicts, of
aggravated unlicensed operation of a motor vehicle in the third degree, avoiding a traffic control
device, and failing to signal, respectively, and imposed sentences. Assigned counsel has
submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to
withdraw as counsel.

ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave
to withdraw as counsel is granted, and new counsel is assigned pursuant to article 18-B of the
County Law to prosecute the appeal. Relieved counsel is directed to turn over all papers in his
possession to the newly assigned counsel;
Andrew E. MacAskill, Esq.
734 Franklin
Avenue
Suite 372
Garden City,
NY 11530.
New counsel is directed to serve and file a brief within 90
days after the date of this decision and order. The People may serve and file a respondent's brief
within 21 days after the service upon them of the appellant's brief. Appellant's new counsel, if so
advised, may serve and file a reply brief within seven days after service of the respondent's
brief.
In four separate simplified traffic informations, defendant was charged with common-law
driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), aggravated unlicensed
operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]),
avoiding a traffic control device (Vehicle and Traffic Law § 1225), and failing to signal
(Vehicle and Traffic Law § 1163 [d]), respectively. After a jury trial, defendant was found
guilty of aggravated unlicensed operation of a motor vehicle in the third degree, avoiding a traffic
control device, and failing to signal, and acquitted of driving while intoxicated. 
Assigned counsel has submitted an Anders brief setting forth the conclusion that
there exist no nonfrivolous issues that could be raised on appeal (see Anders v California,
386 U.S. 738 [1967]). However, absent from assigned counsel's Anders brief is any
acknowledgment, discussion, or analysis of the judgment convicting defendant of aggravated
unlicensed operation of a motor vehicle in the third degree. Thus, the brief is wholly deficient
and does not withstand the first step of our review of such a brief (see People v Murray,
169 AD3d 227, 231-232 [2019]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258
[2011]). Consequently, new counsel must be assigned to perform a diligent and thorough
review.
Accordingly, we hold the appeal in abeyance, grant assigned counsel's application to
withdraw as counsel, and assign new counsel to prosecute the appeal.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 21, 2021