People v Moore (2022 NY Slip Op 50455(U))

[*1]

People v Moore (William)

2022 NY Slip Op 50455(U) [75 Misc 3d 133(A)]

Decided on May 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2018-1098 N CR

The People of the State of New York,
Respondent,
against
William Moore, Appellant. 

Andrew E. MacAskill, for appellant.
Nassau County District Attorney (Jared A. Chester and Benjamin A. Kussman of counsel), for
respondent.

Appeal from judgments of the District Court of Nassau County, First District (Anthony W.
Paradiso, J.), rendered April 16, 2018. The judgments convicted defendant, upon jury verdicts,
of, respectively, aggravated unlicensed operation of a motor vehicle in the third degree, avoiding
a traffic control device, and failing to signal, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged in separate simplified traffic informations with, respectively,
common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), aggravated
unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511
[1] [a]), avoiding a traffic control device (Vehicle and Traffic Law § 1225) and failing to
signal (Vehicle and Traffic Law § 1163 [d]). Following a jury trial, the jury returned
verdicts acquitting defendant of common-law driving while intoxicated and the added, lesser
included charge of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), and
convicting him of aggravated unlicensed operation of a motor vehicle in the third degree,
avoiding a traffic control device and failing to signal.
Defendant appeals from the judgments of conviction. Upon finding that prior counsel's
Anders brief (see Anders v California, 386 US 738 [1967]) was inadequate, this
court held the appeal in abeyance and new counsel was assigned to prosecute the appeal (73 Misc
3d 133[A], 2021 NY Slip Op 51018[U]). New counsel has submitted a brief arguing that the
court improperly admitted a stipulation of the parties into evidence and that defendant's
convictions were against the weight of the evidence.
According to the trial testimony of the arresting officer, he and his partner followed
defendant, who was driving a Honda Civic, in their patrol vehicle while observing him make
unsignaled left turns both into and out of a gas station, without stopping, to avoid a red light at an
[*2]intersection, as well as a third unsignaled left turn at another
intersection shortly thereafter. After effecting a traffic stop, the officers, using a computer link in
their patrol vehicle to Department of Motor Vehicles (DMV) records, determined that defendant's
license "was suspended three times" and "[h]e's not allowed to drive in the State of New York."
Furthermore, during the trial, the prosecutor and defense counsel submitted a joint stipulation
that defendant had been driving "while knowing or having reason to know that his license or
privilege to operate such motor vehicle in New York State was suspended." 
Defendant now complains, for the first time on appeal, that the court should have queried
him before admitting this stipulation into evidence. This complaint is unpreserved, and we
decline to address it as a matter of discretion in the interest of justice. Alternatively, this
argument is without merit, as defendant never demonstrated to the District Court any
misunderstanding about, or unwillingness to enter into, the stipulation (see People v
Mills, 103 AD2d 379, 380 [1984]). Moreover, defense counsel's apparent
strategy—which worked—of focusing on getting an acquittal on the top charge of
driving while intoxicated, and not contesting the aggravated unlicensed operation charge, was
rational and well-calculated in light of the reasonable defense conclusion, expressed in the
stipulation, that a conviction of the latter charge would have been the inexorable result upon the
jurors' collective review of defendant's certified driver abstract. Consequently, there is no legal or
factual basis to disturb the verdict of guilty of aggravated unlicensed operation of a motor vehicle
in the third degree.
Defendant's guilt of the charges of avoiding a traffic control device and failing to signal was
demonstrated by legally sufficient evidence, and the verdicts convicting him of these charges
were not against the weight of the trial evidence. While there were some inconsistencies between
the arresting officer's trial testimony and his testimony more than 1½ years earlier during a
DMV hearing concerning the same events (e.g., the number of unsignaled left turns defendant
made and how many people were in the Honda Civic with defendant), we accord great deference
to "the jury's determinations . . . , including its evaluation of inconsistencies in testimony" (People v Thomas, 102 AD3d 561,
561 [2013]). Thus, although an acquittal of the convicted charges, save the charge of aggravated
unlicensed operation of a motor vehicle in the third degree, would not have been unreasonable
(see People v Danielson, 9 NY3d
342, 348 [2007] ["weight of the evidence review requires a court first to determine whether
an acquittal would not have been unreasonable"]), based upon the totality and quality of the
evidence presented at trial, we decline to disturb the jury's determinations here.
Accordingly, the judgments of conviction are affirmed.
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2022